# SULLIVAN LAW FIRM, LLC
## ATTORNEYS AT LAW

147 EAST MAIN STREET

BRADFORD J. SULLIVAN*      CLINTON CT 06413     CHRISTOPHER M. NEARY
*OF COUNSEL*

*ALSO ADMITTED IN NY*

TEL. (860) 664-4440
FAX. (860) 664-4422
BJS@CTSHORELINELAW.COM

January 21, 2010

The Honorable William D. Wall     **Via Electronic**
United States District Court     **And**
Eastern District of New York     **Facsimile to**
Long Island Courthouse     **(631) 712-5725**
100 Federal Plaza
Courtroom 820
Central Islip, NY 11722

Re:     **Docket No.: 2:09-cv-00428 TCP-WDW**
         *Peter Voynick vs. SOMA Medical Sales, Inc.*

Dear Judge Wall:

This office represents the plaintiff in the above-referenced matter. The undersigned attorney certifies that a copy of this letter and its enclosures has been forwarded to defense counsel. The plaintiff respectfully requests that the trial readiness conference scheduled for January 25, 2010, be adjourned, as there are currently outstanding discovery requests that have not been complied with by this defendant. The plaintiff is unable to evaluate his settlement position without reviewing these documents.

The plaintiff respectfully requests the following relief:

1. A continuance of the conference scheduled for January 25, 2010 to a date after March 25, 2010; and
2. An order of compliance be issued by this court to the above defendant ordering compliance with plaintiff's discovery demands dated Decembere 18, 2009, by February 19, 2010

A formal discovery demand was served upon defense counsel on December 18, 2009, after deposition of the defendant's chief executive officer. A copy of these requests and the undersigned's cover letter to defense counsel, Nicholas J. Damadeo is attached hereto in support of the foregoing requests. Unfortunately, the undersigned has not been able to speak with defense counsel despite three telephone voicemail messages being left for defense counsel. The most recent attempt at communicating with Mr. Damadeo was today. The defendant has not filed any objections to plaintiff's discovery demands nor contated the undersigned to request any

The Honorable William D. Wall
January 21, 2010
Page 2 of 2

extensions of time to comply with plaintiff's discovery demands.

In the interim, the plaintiff is seeking an adjournment of sufficient length to procure the production requested in the attached discovery request. Taking into account the scope and breadth of the requests, the plaintiff seeks an extension of two months of the following deadlines contained in the court's original order, which is attached hereto for your convenience:

1. An extension of the dispositive motion deadline originally dated January 11, 2010; and
2. An extension of the pretrial conference scheduled for January 25, 2010.

Please do not hesitate to contact this office with any questions or concerns you may have about this request. Thank you for your time and attention in this matter.

Very truly yours,

SULLIVAN LAW FIRM, LLC

Bradford J. Sullivan
BJS/slm

cc Nicholas J. Damadeo, Esq.-- via fax (631) 271-7411
  Client

# SULLIVAN LAW FIRM, LLC
## ATTORNEYS AT LAW

BRADFORD J. SULLIVAN*

147 EAST MAIN STREET
CLINTON CT 06413

CHRISTOPHER M. NEARY
OF COUNSEL

*ALSO ADMITTED IN NY

TEL. (860) 664-4440
FAX. (860) 664-4422
BJS@CTSHORELINELAW.COM

December 18, 2009

Mr. Nicholas Damadeo
Nicholas J. Damadeo, P.C.
27 West Neck Road
Huntington, NY 11743

Via Regular Mail

Re:   **Peter Voynick vs. Soma Medical Supply, Inc.**

Dear Mr. Damadeo:

This office represents Peter Voynick. Pursuant to the deposition of your client Tim Tzimas of Soma Medical Sales Inc., please accept this letter as my client's demand for the disclosures of documents revealed by Mr. Tzimas to be available at his personal residence. As you are aware, Mr. Tzimas testified on multiple occasions during his deposition, that he was in possession of corporate documents, resolutions and other papers associated with Soma Medical Sales, Inc. These documents are vital to the preparation of Mr. Voynick's claims against your client.

The documents that Mr. Voynick is requesting as vital to the preparation of his claims against Soma Medical Sales, Inc., include but are not limited to the following:

1. All corporate resolutions of Soma Medical Sales, Inc.;
2. All documents relating to the organization of Soma Medical Sales, Inc.;
3. Any documents related to shareholders of Soma Medical Sales, Inc.;
4. All organizational meeting minutes;
5. All meeting minutes from shareholder meetings;
6. All documents related to bank accounts for Soma Medical Sales, Inc.;
7. All documents related to the appointment, hiring or other employment of corporate officers for Soma Medical Sales, Inc.;
8. All documents relating to the organizational structure of Soma Medical Sales, Inc.;
9. All documents related to the ownership of the shares of Soma Medical Sales, Inc.;
10. All documents evidencing distributorship agreements between Soma Medical Sales, Inc. and Zimmer Spine;
11. All documents related to the agreement between Zimmer Spine and Soma Medical Sales, Inc.;
12. All documents relating to the employment of the plaintiff by Soma Medical Sales, Inc.;

13. All documents relating to the employment agreement between Soma Medical Sales, Inc. and Tim Tzimas;
14. All documents relating to the employment agreement between Soma Medical Sales, Inc. and Peter Rubino;
15. All documents relating to the employment agreement between Soma Medical Sales, Inc. and Jennifer Tzimas;
16. All documents related to the dissolution of Soma Medical Sales, Inc. including but not limited to corporate resolutions, notices to creditors and notices of special meetings;
17. All documents relating to the application for and establishment of lines of credit for Soma Medical Sales, Inc. by Tim Tzimas, Peter Rubino and/or Jennifer Tzimas;
18. All documents relating to the employment of William Murphy by Soma Medical Sales, Inc.;
19. All documents relating to the employment of Bonnie Massella by Soma Medical Sales, Inc.;
20. All documents relating to the payment of a "monthly subsidy" by Zimmer Spine to Soma Medical Sales, Inc.;
21. All documents relating to all credit card accounts issued to Soma Medical Sales, Inc.;
22. All documents relating to the issuance of corporate credit cards to Tim Tzimas by Soma Medical Sales, Inc.;
23. If one exists, the Soma Medical Sales, Inc. employment handbook;
24. Any document relating to Peter Rubino's removal from his position as an officer of Soma Medical Sales, Inc. and the transfer of his shares in Soma Medical Sales, Inc.;
25. All documents evidencing the payment of salary and expenses to Tim Tzimas and Peter Voynick; and
26. All of Soma Medical Sales, Inc.'s bank statements from each and every bank account from September 15, 2007 to present.

It will be appreciated if these documents could be requested from your client and provided to the undersigned within thirty (30) days. If you have any objections to the foregoing demand, please advise immediately. I have enclosed with this letter a formal discovery demand.

Very truly yours,

SULLIVAN LAW FIRM, LLC

Bradford J. Sullivan
BJS/sem

cc    Client

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| PETER VOYNICK, | CIVIL ACTION NO. CV-09 428 |
| Plaintiff, | |
| | |
| VS. | DECEMBER 18, 2009 |
| | |
| SOMA MEDICAL SALES, INC., | PRODUCTION DEMAND |
| | |
| Defendant. | |

---

## PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS DIRECTED TO DEFENDANT SOMA MEDICAL SALES, INC.

In accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of New York, the plaintiff, **PETER VOYNICK** hereby propounds the following requests for production to be answered by the defendant, **SOMA MEDICAL SALES, INC.**, ("SOMA") under oath, within 30 days of the filing hereof.

## REQUESTS FOR PRODUCTION

In accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of New York, the plaintiff, **PETER VOYNICK,** hereby requests that the defendant **SOMA MEDICAL SALES, INC.,** produce the following documents or items for inspection and copying within thirty days of the date hereof:

1. All corporate resolutions of Soma Medical Sales, Inc.;
2. All documents relating to the organization of Soma Medical Sales, Inc.;
3. Any documents related to shareholders of Soma Medical Sales, Inc.;
4. All organizational meeting minutes;
5. All meeting minutes from shareholder meetings;
6. All documents related to bank accounts for Soma Medical Sales, Inc.;
7. All documents related to the appointment, hiring or other employment of corporate officers for Soma Medical Sales, Inc.;
8. All documents relating to the organizational structure of Soma Medical Sales, Inc.;
9. All documents related to the ownership of the shares of Soma Medical Sales, Inc.;
10. All documents evidencing distributorship agreements between Soma Medical Sales, Inc. and Zimmer Spine;
11. All documents related to the agreement between Zimmer Spine and Soma Medical Sales, Inc.;
12. All documents relating to the employment of the plaintiff by Soma Medical Sales, Inc.;
13. All documents relating to the employment agreement between Soma Medical Sales, Inc. and Tim Tzimas;
14. All documents relating to the employment agreement between Soma Medical Sales, Inc. and Peter Rubino;
15. All documents relating to the employment agreement between Soma Medical Sales, Inc. and Jennifer Tzimas;

2

16. All documents related to the dissolution of Soma Medical Sales, Inc. including but not limited to corporate resolutions, notices to creditors and notices of special meetings;
17. All documents relating to the application for and establishment of lines of credit for Soma Medical Sales, Inc. by Tim Tzimas, Peter Rubino and/or Jennifer Tzimas;
18. All documents relating to the employment of William Murphy by Soma Medical Sales, Inc.;
19. All documents relating to the employment of Bonnie Massella by Soma Medical Sales, Inc.;
20. All documents relating to the payment of a "monthly subsidy" by Zimmer Spine to Soma Medical Sales, Inc.;
21. All documents relating to all credit card accounts issued to Soma Medical Sales, Inc.;
22. All documents relating to the issuance of corporate credit cards to Tim Tzimas by Soma Medical Sales, Inc.;
23. If one exists, the Soma Medical Sales, Inc. employment handbook;
24. Any document relating to Peter Rubino's removal from his position as an officer of Soma Medical Sales, Inc. and the transfer of his shares in Soma Medical Sales, Inc.;
25. All documents evidencing the payment of salary and expenses to Tim Tzimas and Peter Voynick; and
26. All of Soma Medical Sales, Inc.'s bank statements from each and every bank account from September 15, 2007 to present.

PETER VOYNICK

By _____
Bradford J. Sullivan
Sullivan Law Firm, LLC
147 East Main Street
Clinton, CT 06413
(860) 664-4440
bjs@ctshorelinelaw.com

3

## CERTIFICATION

I hereby certify that a copy of the above was mailed or electronically delivered on December 18nd 2009 to all counsel and pro se parties of record:

Mr. Nicholas Damadeo
Nicholas J. Damadeo, P.C.
27 West Neck Road
Huntington, NY 11743

_____
Bradford J. Sullivan

*all dates on cal.*

From: ecf_bounces@nyed.uscourts.gov
Subject: Activity in Case 2:09-cv-00428-TCP-WDW Voynick v. Soma Medical Sales, Inc. Pretrial Order
Date: May 18, 2009 3:12:02 PM EDT
To: nobody@nyed.uscourts.gov

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

### Eastern District of New York

**Notice of Electronic Filing**

The following transaction was entered on 5/18/2009 at 3:12 PM EDT and filed on 5/18/2009
**Case Name:** Voynick v. Soma Medical Sales, Inc.
**Case Number:** 2:09-cv-428
**Filer:**
**Document Number:** 8

**Docket Text:**
ORDER A discovery scheduling order has entered. See attached. A pretrial conference will be held on 1/25/10.. Ordered by Magistrate Judge William D. Wall on 5/18/2009. (Hepworth, F.)


**2:09-cv-428 Notice has been electronically mailed to:**

Nicholas J. Damadeo damadeo@quixnet.net

Bradford J. Sullivan bjs@ctshorelinelaw.com, selina@ctshorelinelaw.com

**2:09-cv-428 Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=5/18/2009] [FileNumber=4432907-0]
[07ed3a4f4f666780f73d1bc5533c6d4e0769b75c111515facb302f5314609342270e2
7c8f0eab56627ec785450fa6d17a442f801525aac922659a86198db9bd0]]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VOYNICK,

                        Plaintiff(s),                        **SCHEDULING ORDER**

      -against-                                      CV 09-0428 (TCP) (WDW)

SOMA MEDICAL SALES, INC.,

                     Defendant(s).
------------------------------------------------------------X
**WALL, Magistrate Judge:**

    **COURT APPEARANCE:**

  **January 25, 2010 at 2:00 PM :**   Pretrial conference before the undersigned. If the trial judge requires one, a joint proposed pretrial order in compliance with that judge's requirements and signed by counsel for each party must be received by the undersigned 2 business days prior this conference. All parties must also submit a one page, ex parte statement of their settlement positions to the undersigned prior this conference. These statements will be treated as confidential, and will not be docketed. Meaningful settlement discussions will occur at this conference; clients or other persons with full settlement authority must be available by telephone.

    ADDITIONAL DEADLINES:

  **October 12, 2009:**   Motions to join new parties or to amend the pleadings.

  **December 28, 2009:**   Completion of all discovery, inclusive of expert discovery. Depositions of experts may be taken at any time prior to trial.

  **January 11, 2010 :**   Any party planning to make a dispositive motion must take the first action beginning the motion process by this date or risk forfeiting the right to make such a motion. Depending on the district judge assigned, such first action would be either requesting a pre-motion conference, initiating the exchange of Local Civil Rule 56.1 statements, or requesting an oral argument date from the district judge. Parties are required to consult the individual rules of the district judge regarding motion practice.

    Motions to resolve discovery disputes must be made by letter in accordance with Local Civil Rules 37.1 & 37.3 and in compliance with additional requirements set forth in the undersigned's Individual Rules. Motions that do not comply with all requirements will be returned to the movant. Untimely opposition, or no opposition, to letter motions may result in the motion's being granted as unopposed.

      This scheduling order will be modified by the Court only upon a timely showing of good cause. Any request for modification of this scheduling order must be in writing, and submitted in accordance with the undersigned's Individual Rule 2 (C).

      All parties are advised that they are under a continuing obligation to keep the Court apprised of any changes in their contact information including, but not limited to, their addresses.

Dated: Central Islip, New York  
       May 18, 2009

**SO ORDERED:**

      _s/ William D. Wall_  
      WILLIAM D. WALL  
      United States Magistrate Judge